UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOHN JAY HUMPHREY,

                              **Plaintiff,**

                 v.                                              **5:05-CV-986 (FJS/GJD)**

RESCUE MISSION,

                              **Defendant.**

---

**APPEARANCES**

**JOHN JAY HUMPHREY**
Syracuse, New York
Plaintiff, *pro se*

**SCULLIN, Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

       Currently before the Court is Plaintiff John Jay Humphrey's civil rights complaint and his *in forma pauperis* application.[1] *See* Dkt. Nos. 1-2. Plaintiff has not paid any fee relating to this action.

       In his complaint, Plaintiff alleges that Defendant Rescue Mission violated his First Amendment rights by requiring him to remove a shirt that carried an apparently offensive message in order to be able to remain at the Rescue Mission. Plaintiff seeks monetary damages against Defendant for this alleged constitutional violation pursuant to 42 U.S.C. § 1983.

---

[1] The Court notes that Plaintiff has filed numerous actions in this District in addition to the present one. *See* 5:02-CV-1524; 5:03-CV-1181; 5:04-CV-145; 5:05-CV-253; 5:05-CV-636; 5:05-CV-795; 5:05-CV-987; 5:05-CV-1036; 5:05-CV-1159; 5:05-CV-1205.

## II. DISCUSSION

Section 1915(e)(2)(B) of Title 28 of the United States Code directs, in pertinent part, that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Moreover, it is the court's responsibility to determine whether a plaintiff may properly maintain his complaint in this District before the court may permit a plaintiff to proceed with an action *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2).

As an initial matter, the Court notes that Plaintiff asserted identical claims against the same Defendant in a prior action. *See Humphrey v. Rescue Mission*, 5:05-CV-795, at Dkt. No. 1. The Court dismissed that action because Plaintiff failed either to allege that Defendant was a state actor for purposes of 42 U.S.C. § 1983 or to allege any facts that would permit the Court to draw that inference. *See id.* at Dkt. No. 3. An appeal of this Court's dismissal of Plaintiff's complaint in that action is pending before the Second Circuit. *See id.* at Dkt. No. 8. Although the same analysis applies to this case, the Court will repeat it for Plaintiff's benefit in light of his *pro se* status.

Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. However, a plaintiff cannot hold a defendant liable under § 1983 unless he can establish that the defendant has acted under color of state law. *See, e.g., Rounseville v. Zahl*, 13 F.3d 625, 628 (2d Cir. 1994) (noting state action requirement under § 1983); *Wise v. Battistoni*, No. 92 CIV. 4288, 1992 WL 380914, *1 (S.D.N.Y. Dec. 10, 1992) (same) (citation omitted). It is the plaintiff's duty

to allege that the defendant whom he named in his complaint acted under color of state law, and a court may dismiss an action under 28 U.S.C. § 1915(e) where a plaintiff fails to plead that element of his claim. *See, e.g., Giannini v. Pearson*, No. 95-CV-1669, slip op. at 4 (N.D.N.Y. Dec. 28, 1995), *appealed dismissed* (2d Cir. Apr. 19, 1996); *Carollo-Gardner v. Diners Club*, 628 F. Supp. 1253, 1256 (E.D.N.Y. 1986) (dismissing as frivolous *pro se* complaint in which the Plaintiff failed to allege state action by the defendants (citations omitted); *see also DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306, 311 (2d Cir. 1975) (affirming dismissal of complaint in an action in which the plaintiff failed to include allegations of state action in the complaint), *modified on other grounds*, 520 F.2d 409 (2d Cir. 1975); *Lawson v. Abrams*, No. CV-84-4325, 1988 WL 49244, *4 (E.D.N.Y. May 6, 1988) (same).

In his complaint in this action, Plaintiff does not allege that the Rescue Mission is a state actor for purposes of § 1983, and he has not alleged any facts that would permit the Court to draw that inference. Therefore, the Court dismisses this action pursuant to 28 U.S.C. § 1915(e)(2)(B) and Local Rule 5.4(a).

### III. CONCLUSION

Accordingly, having reviewed Plaintiff's complaint, the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's application for leave to proceed *in forma pauperis* is **DENIED**; and the Court further

**ORDERS** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and Local Rule 5.4(a); and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order on Plaintiff; and the Court further

**CERTIFIES** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

Dated: September 30, 2005
Syracuse, New York

Frederick J. Scullin, Jr.
Chief United States District Court Judge